**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IRVIN LAMAR SIMPSON, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 230015130721, | : | 42 U.S.C. §1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| HABERSHAM COUNTY | : | 1:23-CV-1198-CAP-JSA |
| SHERIFF'S DEPARTMENT, et al., | : | |
| Defendants. | : | |

**O R D E R**

Plaintiff Irvin Lamar Simpson submitted a *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983, in which he raises claims about the conditions of his confinement while he was being held at the Habersham County Jail, and seeks to proceed *in forma pauperis*. (Docs. 1, 2).

Pursuant to 28 U.S.C. §1391(b), a civil action should be brought in a "district in which any defendant resides" or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred." Habersham County is located in the Gainesville Division of this Court, which is the appropriate venue for Plaintiff's claims. According to 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it

could have been brought." The undersigned finds it in the interest of justice to transfer this case to the Gainesville Division of this Court.

Plaintiff's request to proceed *in forma pauperis*, however, does not include the required: (1) completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account or (2) certified copy of his inmate trust account balance for the six-month period preceding the filing of the instant action pursuant to 28 U.S.C. §1915. And the only named Defendants are the Habersham County Sheriff's Office and the Habersham County Jail, neither of which are proper Defendants under §1983. *See Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (stating that a jail "is not an entity capable of being sued under Georgia law"); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983.").

The Court **DIRECTS** the Clerk to forward the appropriate financial affidavit and §1983 forms to Plaintiff together with a copy of this Order. Petitioner is **DIRECTED** to pay the $402.00 filing fee or submit a request to proceed *in forma pauperis* that includes: (1) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account and (2) a certified copy of his inmate trust account balance for the six-month period preceding

the filing of the instant action pursuant to 28 U.S.C. §1915, and to amend the complaint by naming proper Defendants within thirty (30) days of the date this Order is entered.

The Court **TRANSFERS** this action to the Gainesville Division of the United States District Court for the Northern District of Georgia for further proceedings. *See* L.R. 3.1(b)(4), ND Ga.

**IT IS SO ORDERED** this 10th day of April, 2023.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE