**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IRVIN LAMAR SIMPSON,<br>Gwinnett Cty. No. 230015130721,<br>Plaintiff,<br><br>v.<br><br>SHERIFF JOEY TERRELL, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br><br><br>CIVIL ACTION NO.<br>2:23-CV-0064-SCJ-JCF |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Irvin Lamar Simpson, an inmate at the Gwinnett County Detention Center in Lawrenceville, Georgia, has filed a *pro se* amended 42 U.S.C. § 1983 civil rights complaint concerning his prior confinement at the Habersham County Jail in Clarkesville, Georgia. (Doc. 8.)[1] The matter is before the Court for initial screening of the amended complaint.

---

[1] The amended complaint filed at CM/ECF [6] concerns Plaintiff's Gwinnett County allegations in Simpson v. Gwinnett Cty. Jail, et al., No. 1:23-cv-1257-CAP (N.D. Ga. filed Mar. 23, 2023) and was mis-filed in this action. Pursuant to Order [6], No. 1:23-cv-1257-CAP, the mis-filed amended complaint was moved to Case No. 1:23-cv-1257 but was not removed from the docket in this action. The Court now directs the Clerk to **STRIKE** the mis-filed Gwinnett County amended complaint [6] from the docket in this case to avoid further confusion.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

"A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (per curiam). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Gissendaner v. Comm'r, Ga. Dep't of

Corr., 803 F.3d 565, 578 (11th Cir. 2015); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. See 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

In his amended complaint, Plaintiff names as Defendants (1) Habersham County Sheriff Joey Terrell, (2) the Habersham County Sheriff's Department, and (3) the Habersham County Jail. (Doc. 8 at 1, 3.) Plaintiff alleges that he was confined at the Habersham County Jail from July 20, 2022, to December 15, 2022. (Id. at 4.) Plaintiff states that there was black mold in the showers and that he was forced to

sleep on dirty floors, causing him to suffer an eye infection. (Id.) Plaintiff further states that he developed a stomach infection from the black mold, which caused internal bleeding and blood in his stool. (Id. at 4-5.) Plaintiff asserts that Sheriff Terrell "knew" of the conditions in the jail. (Id. at 5.) Plaintiff also complains about the circumstances of his underlying arrest by "Deputy Sgt. Chris," including that he was pulled over and his vehicle searched for over an hour without probable cause, that he was handcuffed so tightly that his hand was numb for four months, and that his vehicle was repossessed and he lost his job as a result of his arrest. (Id. at 5.) Plaintiff seeks compensatory damages as relief. (Id.)

As an initial matter, the Habersham County Sheriff's Department and Habersham County Jail are not "persons" within the meaning of § 1983 and are not proper defendants in a civil rights action. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a *person* acting under color of state law.") (emphasis added); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); Nelson v. Lexington Cty. Det. Ctr., No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D. S.C. May 26, 2011) (finding

detention center is a building and not a person amendable to suit under § 1983); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the defendant jail under § 1983 because it is a building, not an entity).

Additionally, Plaintiff's claims concerning the conditions of confinement at the Habersham County Jail and the circumstances of his arrest and handcuffing by "Deputy Sgt. Chris" implicate different defendants and arise out of separate transactions. A plaintiff may not use a single complaint to join unrelated claims that do not both (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" and (b) involve a "question of law or fact common to all defendants." See Fed. R. Civ. P. 20(a)(2)(A)-(B). Plaintiff's unrelated claims must be brought in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating that "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected" under Rule 20). In any event, none of Plaintiff's allegations state a viable claim for relief.

With respect to Plaintiff's allegations of mold and "dirty floors" at the Habersham County Jail, conditions of confinement for pre-trial detainees are analyzed under the Fourteenth Amendment Due Process Clause instead of the Eighth

Amendment's Cruel and Unusual Punishments Clause. See Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1318 (11th Cir. 2005). While "the due process clause forbids punishment of a person awaiting trial but not yet adjudged guilty of any crime," Hamm v. DeKalb Cty., 774 F.2d 1567, 1572 (11th Cir. 1985) (citation omitted), "the fact that [pretrial] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting Bell v. Wolfish, 441 U.S. 520, 537 (1978)). To state a constitutional jail-conditions claim, the plaintiff must allege: (1) jail conditions that are "sufficiently serious" and (2) that the defendant jail official knew of and disregarded an excessive risk to plaintiff's health or safety. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "The standard for providing basic human needs to those incarcerated in detention is the same under both the Eighth and Fourteenth Amendments." Purcell, 400 F.3d at 1318.

Here, the conditions alleged by Plaintiff are not sufficiently "extreme" to rise to the level of a constitutional violation. See, e.g., Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (holding jail cell consisting of a steel bed with no mattress

for eighteen days and occasionally overflowing toilet were "not so extreme as to violate contemporary standards of decency"); Harris v. Fleming, 839 F.2d 1232, 1234-35 (7th Cir. 1998) (holding that inmate's confinement for twenty-eight days "in a filthy, roach-infested cell" without toilet paper, soap, toothpaste, or a toothbrush for some of that time was not unconstitutional). Indeed, courts repeatedly have found that the presence of mold in jail facilities does not violate the Constitution. See, e.g., Ruffin v. Larpenter, 19-CV-10378, 2019 WL 2526739, at *2 (E.D. La. May 28, 2019) (allegations of black mold on air vents and shower walls and drains "fail to cross the impermissible line that separates the unpleasant from the unconstitutional"), R&R adopted, 2019 WL 2524582 (E.D. La. June 19, 2019); Marine v. Kelly, No. 3:18cv2172/RV/EMT, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019) ("The conditions of which Plaintiff complains—the presence of black mold in the shower, dayroom, and cell—are not sufficiently serious or extreme to run afoul of the Eighth Amendment."); Compton v. McDuffie Cty. Det. Ctr., No. CV 113-105, 2014 WL 640492, at *1 n.2 (S.D. Ga. Feb. 8, 2014) (noting that although the plaintiff mentions that the showers have mold, his complaints do not amount to a deprivation of the minimal civilized measure of life's necessities and thus were not the sort of deprivation required to state a valid conditions of confinement claim); Barnett v.

Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), R&R adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Jordan v. Franks, No. CV410-164, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) ("It is well established that the mere exposure to mold, mildew, and odors does not amount to an 'excessive risk to inmate health or safety' under the Eighth Amendment[.]"); McIntyre v. Phillips, No. CIV.A. 1:07-cv-527, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) ("[S]ome exposure to black mold is a risk that society has chosen to tolerate.").

Plaintiff has not presented "any basis for his belief that the mold is a harmful type of mold," see Reynolds v. Herrington, 4:13CV-P132-M, 2014 WL 1330190, at *5 (W.D. Ky. Apr. 1, 2014), or for his unsupported assertions that mold has caused him to suffer a stomach infection with bleeding ulcers. Rather, mold is known to cause or exacerbate respiratory ailments. See Meadows v. Fulton Cty. Jail, No. 1:08-CV-0744-TWT, 2008 WL 818055, at *2, n.1 (N.D. Ga. Mar. 25, 2008) (noting that "persons sensitive to molds may experience things such as nasal stuffiness or throat irritation, persons with mold allergies may experience more severe reactions, and persons who are immune-compromised or have chronic lung illnesses could

experience a serious lung infection"). Plaintiff's bare assertion that mold exposure caused a stomach infection and bleeding ulcers verges on the "irrational or the wholly incredible." See Denton, 504 U.S. at 32-33. Plaintiff cannot satisfy the pleading standard by presenting "legal conclusions masquerading as facts[.]" Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); see also Iqbal, 556 U.S. at 678 (2009) ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

Ultimately, to prevail on a conditions of confinement claim related to mold, a plaintiff must present competent evidence, including medical records, establishing (1) an actual injury that is sufficiently serious to implicate the Eighth Amendment, and (2) that the mold caused his injury. See, e.g., Sawyer v. Cole, No. 3:10-cv-00088-RCJ-WGC, 2012 WL 6210039, at *3 (D. Nev. Dec. 12, 2012) (granting summary judgment to defendants where inmate "provide[d] no evidence of his alleged medical ailments or evidence that any ailments were linked to mold or fungus, . . . [his] medical records d[id] not indicate any such ailments[,]" and "the inspection reports [did not] indicate mold or fungus problems"); Glover v. Haynes, No. CV 211-114, 2012 WL 1202170, at *2 (S.D. Ga. Apr. 10, 2012) (granting summary judgment

to defendant where plaintiff presented no evidence to show that his medical problems were actually caused by the mold in his cell); Jordan v. Franks, No. CV 410-164, 2010 WL 4007641, at *2 (Aug. 30, 2010) ("Absent some showing that [the] mold [in plaintiff's cell] is indeed toxic and that he is exposed to sufficient quantities such that continued exposure may lead to serious future harm, his future health claim fails."), R&R adopted, 2010 WL 4007637, at *1 (S.D. Ga. Oct. 12, 2010).

In any event, Plaintiff has not pled facts supporting that Sheriff Terrell, the only proper defendant named in the amended complaint, was deliberately indifferent to any serious risk of harm posed by conditions of confinement at the Habersham County Jail. See Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (explaining that, to constitute deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*") (emphasis added); Swain v. Junior, 961 F.3d 1276, 1287-88 (11th Cir. 2020) ("[D]eliberate indifference is not a constitutionalized version of common-law negligence," and the standard therefor "is far more onerous" than that of negligence). In order to demonstrate that a prison official acted with a sufficiently

culpable state of mind, "the plaintiff must show 'subjective recklessness as used in the criminal law.'" Swain, 961 F.3d at 1285-86 (quoting Farmer, 511 U.S. at 840).

Plaintiff's single, conclusory allegation that Sheriff Terrell "knew about the treatment of prisoners" because he was present at the jail does not show that Sheriff Terrell was subjectively aware of and disregarded any known risk of excessive harm. Cf. Farmer, 511 U.S. at 837; Swain, 961 F.3d at 1285-86. Plaintiff does not allege that he ever actually spoke to Sheriff Terrell about jail conditions or that Sheriff Terrell was aware of any of Plaintiff's ailments. Similarly, the denial of Plaintiff's grievances by "Lt. Chastain" (see doc. 8 at 2-3) does not constitute deliberate indifference. See, e.g., Patrick v. Schroeder, No. 2:23-cv-26, 2023 WL 2522057, at *5 (W.D. Mich. Mar. 15, 2023) ("With respect to the subjective prong, Plaintiff alleges that he submitted grievances regarding the presence of black mold, but that Defendants denied his grievances and the condition continues to exist. Plaintiff's conclusory allegations do not rise to the level of the deliberate indifference required to state an Eighth Amendment claim."); Murphy v. Mehr, No. 20-1237-JDT-CGC, 2020 WL 6205854, at *4 (W.D. Tenn. Oct. 22, 2020) (finding plaintiff failed to sufficiently allege subjective component of deliberate indifference in connection with black mold because, *inter alia*, "[f]ailure to act in response to a grievance generally

does not amount to the type of personal involvement that supports [§1983] liability”). Plaintiff fails to state a viable conditions-of-confinement claim.

With regard to Plaintiff’s allegations that he was arrested without probable cause, a § 1983 claim for false arrest would clearly be connected to the validity of his present pretrial confinement, and, therefore, is subject to dismissal as premature under Heck v. Humphrey, 512 U.S. 477 (1994). See Heck, 512 U.S. at 486-87 (holding that, in order to recover damages from an unlawful imprisonment, “a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court’s issuance of a writ of habeas corpus[.]”); see also Williams v. South Carolina, No. 0:06-2590-CMC-BM, 2006 WL 3843608, at *3 (D.S.C. Dec. 22, 2006) (“Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees[.] . . .”). Because Plaintiff has not alleged, much less proven, favorable termination of his Habersham County criminal proceedings, his § 1983 false arrest claim is barred by Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that the Supreme Court’s relevant precedent, “taken together, indicate that a state prisoner’s §1983 action is barred (absent prior invalidation)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

Finally, with respect to Plaintiff's allegation that "Deputy Sgt. Chris" placed him in excessively tight handcuffs, "Deputy Sgt. Chris" is not a named defendant in this action. Moreover, "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002); see also, e.g., Gold v. City of Miami, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding that use of tight handcuffs that caused pain and skin abrasions constituted minimal force for which the plaintiff could not recover under § 1983); Bryans v. Cossette, No. 3:11-CV-1263 (JCH), 2013 WL 4737310, at *10 (D. Conn. Sept. 3, 2013) (holding numbness in plaintiff's wrists from very tight handcuffs which led to bleeding and abrasions did not constitute a serious medical need). Plaintiff allegations of tight handcuffing fail to state a claim.

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim.

Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [7] is **GRANTED** for the purpose of dismissal only.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 30th day of October, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge