IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IRVIN LAMAR SIMPSON,

Plaintiff,

v.

SHERIFF JOEY TERRELL, et al.,

Defendants.

CIVIL ACTION FILE

No. 2:23-CV-0064-SCJ

ORDER

This matter is before the Court for consideration of the Magistrate Judge's Order and Final Report and Recommendation (R&R), Doc. No. [9], in which the Magistrate Judge recommends that this matter be dismissed as frivolous pursuant to 28 U.S.C. § 1915A. Plaintiff Irvin Lamar Simpson has filed two sets of objections to the R&R. Docs. No. [11, 12].

## I. BACKGROUND

Plaintiff, an inmate at the Gwinnett Detention Center in Lawrenceville, Georgia, filed the instant 42 U.S.C. § 1983 civil rights action complaining about his arrest in Habersham County and the conditions of his detention at the

Habersham County Jail. The Magistrate Judge determined that some of the named Defendant are not persons subject to suit under § 1983, that Plaintiff's claims are misjoined under Fed. R. Civ. P. 20(a), and that Plaintiff's conditions-of-confinement claims fail to allege the sufficiently serious conditions that are necessary to state a claim under § 1983. Additionally, the Magistrate Judge determined that Plaintiff's false arrest claim that law enforcement officers lacked probable cause to detain him is premature and subject to dismissal without prejudice under the doctrine announced in Heck v. Humphrey, 512 U.S. 477 (1994) (holding that, in order to recover damages from an unlawful imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus"), because Plaintiff has not shown that his confinement was invalidated.

## II. LEGAL STANDARD

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court

reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. DISCUSSION

In his first objections, Doc. No. [11], Plaintiff merely repeats the allegations of his claim that law enforcement officers lacked probable cause to arrest him, which fails to raise a proper objection. In his second objections, Doc. No. [12], Plaintiff reiterates some of his claims regarding the conditions of his confinement and insists that he has stated viable claims that his constitutional rights have been violated. This Court has reviewed those objections in relation to the R&R and concludes that Plaintiff has not shown that the Magistrate Judge erred. While a prisoner plaintiff need not present medical records to establish his claims at the frivolity stage as the Magistrate Judge may have seemed to imply, this Court agrees with the Magistrate Judge that Plaintiff's rather fantastic claim that he developed stomach ailments from limited exposure to mold in the shower fails.

Jordan v. Franks, No. CV410-164, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) ("It is well established that the mere exposure to mold, mildew, and odors does not amount to an excessive risk to inmate health or safety under the Eighth Amendment.") (citations quotations omitted). Similarly, Plaintiff's contention that he was required to sleep on the floor does not state the type of "extreme deprivation[]" required to allege an Eighth Amendment violation. Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (prison condition claim must allege "extreme conditions [that] created an unreasonable risk—one that society chooses not to tolerate—of serious damage to the detainee's future health or safety.") (quotations, alterations, and citations omitted).

Having reviewed the record, this Court agrees with the Magistrate Judge that the inappropriate Defendants and Plaintiff's conditions of confinement claims must be dismissed. However, Plaintiff's false arrest claim should not be dismissed. While the Heck doctrine does apply to the false arrest claim, that claim accrues at the time of arrest, and dismissing such a claim, even without prejudice, could result in Plaintiff being unable to bring the claim because of the running of the statute of limitations. Accordingly, where a plaintiff seeks monetary damages for a false arrest claim prior to being convicted, it is typically

appropriate to stay the claim rather than dismiss it outright. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (stating that "the District Court has no discretion to dismiss rather than stay claims for monetary relief that cannot be redressed in the state proceeding"); Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (holding that abstention until state court proceedings are completed is the proper disposition of the plaintiff's §1983 action seeking monetary relief for Fourth Amendment violations).

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, Doc. No. [9], **IN PART** as the order of the Court. It is thus **ORDERED** that (1) Defendants the Habersham County Sheriff's Department and Habersham County Jail are **DISMISSED** because they are not proper defendants under § 1983, and (2) Plaintiff's conditions of confinement claims (as identified in the R&R) and his

claim that Deputy Sgt. Chris placed him in excessively-tight handcuffs are **DISMISSED** pursuant to 28 U.S.C. § 1915A for Plaintiff's failure to state a claim. However, Plaintiff's false arrest claim is **STAYED** until such time that he can establish an entitlement to relief as discussed in *Heck*. Should the charges against Plaintiff be dismissed, if he is acquitted, or if the charges against him are declared invalid, he should file a motion to reopen this action. In the meantime, the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action.

**IT IS SO ORDERED** this 5th day of December, 2023.

Steve C. Jones

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**