# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
201 UNITED STATES COURTHOUSE
121 SPRING STREET, SE
GAINESVILLE, GEORGIA 30501-3789

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
678-450-2760

December 15, 2023

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**U.S.D.C. No.: 2:23-CV-0064-SCJ**
**U.S.C.A. No.: 00-00000-00**
**In re: Simpson v Habersham County Sherrif Department, et al.,**

Enclosed are documents regarding an appeal in this matter. Please acknowledge receipt on the enclosed copy of this letter.

X Certified copies of the Notice of Appeal, Docket Sheet, and Orders appealed enclosed.

___ This is not the first notice of appeal. Other notices were filed on: .

X There is no transcript.

___ The court reporter is .

___ There is sealed material as described below: .

X Other: Appeal Fee NOT paid. IFP form sent.

___ Fee paid electronically on .

___ Appellant has been leave to file *in forma pauperis*.

___ This is a bankruptcy appeal. The Bankruptcy Judge is .

X The Magistrate Judge is J. Clay Fuller.

X The District Judge is Steve C. Jones.

___ This is a DEATH PENALTY appeal.

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By: D. McGoldrick
Deputy Clerk

Enclosures

0months,APPEAL,CLOSED,SLC1

# U.S. District Court
# Northern District of Georgia (Gainesville)
# CIVIL DOCKET FOR CASE #: 2:23−cv−00064−SCJ

Simpson v. Habersham County Jail et al.
Assigned to: Judge Steve C. Jones
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/21/2023
Date Terminated: 12/05/2023
Jury Demand: None
Nature of Suit: 555 Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Irvin Lamar Simpson** represented by **Irvin Lamar Simpson**
# 230015130721
Gwinnett Detention Center
2900 University Pkwy
Lawrenceville, GA 30043
PRO SE

V.

**Defendant**

**Habersham County Sheriff Department**
*TERMINATED: 04/28/2023*

**Defendant**

**Habersham County Jail**
*TERMINATED: 12/05/2023*

**Defendant**

**Keybo Taylor**
*Sheriff*
*TERMINATED: 05/22/2023*

**Defendant**

**Gwinnett County Sheriff Department**
*TERMINATED: 05/22/2023*

**Defendant**

**Gwinnett County Jail**
*TERMINATED: 05/22/2023*

**Defendant**

**Sheriff Joey Terrel**

**Defendant**

**Habersham Sheriff Department**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/21/2023 | 1 | | COMPLAINT filed by Irvin Lamar Simpson. (Attachments: # 1 Civil Cover Sheet)(tht) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 03/22/2023) |
| 03/21/2023 | 2 | | Affidavit and Authorization for withdrawal from Inmate Account by Irvin Lamar Simpson. (tht) (Entered: 03/22/2023) |
| 03/22/2023 | | | Submission of 2 Affidavit and Authorization for withdrawal from Inmate Account for for IFP and frivolity determination to Magistrate Judge Justin S. Anand. (tht) (Entered: 03/22/2023) |
| 04/10/2023 | 3 | | ORDER directing the Clerk to forward the appropriate financial affidavit and §1983 forms to Plaintiff together with a copy of this Order. Petitioner is DIRECTED to pay the $402.00 filing fee or submit a request to proceed in forma pauperis that includes: (1) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account and (2) a certified copy of his inmate trust account balance for the six−month period preceding the filing of the instant action pursuant to 28 U.S.C. §1915, and to amend the complaint by naming proper Defendants within thirty (30) days of the date this Orders entered. The Court TRANSFERS this action to the Gainesville Division of the United States District Court for the Northern District of Georgia for further proceedings. See L.R. 3.1(b)(4), ND Ga. Forms sent to party: Affidavit and Authorization; 42:1983 Forms; Signed by Magistrate Judge Justin S. Anand on 4/10/23. (rsg) (Entered: 04/10/2023) |
| 04/10/2023 | | | Case transferred in from Atlanta Division. Case Number 1:23−cv−1198. Case assigned to Judge Richard W. Story and Magistrate Judge J. Clay Fuller. (rsg) (Entered: 04/10/2023) |
| 04/10/2023 | | | Clerk's Certificate of Mailing as to Irvin Lamar Simpson re 3 Order, Forms Sent. (rsg) (Entered: 04/10/2023) |
| 04/17/2023 | 4 | | ORDER REASSIGNING CASE. Case reassigned to Judge Steve C. Jones for all further proceedings. Judge Richard W. Story no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 2:23−CV−0064−SCJ. Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Richard W. Story on 04/17/2023. (ddm) (Entered: 04/17/2023) |
| 04/17/2023 | | | Clerk's Certificate of Mailing as to Irvin Lamar Simpson re 4 Order. (ddm) (Entered: 04/17/2023) |
| 04/25/2023 | 5 | | Affidavit and Authorization for withdrawal from Inmate Account by Irvin Lamar Simpson. (ddm) (Entered: 04/27/2023) |
| 04/25/2023 | 8 | | AMENDED COMPLAINT against Habersham County Jail, Joey Terrel, Habersham Sheriff Department filed by Irvin Lamar Simpson. (pdt) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent |

| | | | |
|---|---|---|---|
| | | | To Proceed Before U.S. Magistrate form. Modified on 5/23/2023 (Amended Complaint originally filed in 1:23−cv−1257, entered in this action pursuant to order dated 5/22/2023). (pdt). (Entered: 05/23/2023) |
| 04/27/2023 | | | Submission of 5 Affidavit and Authorization for withdrawal from Inmate Account, to Magistrate Judge J. Clay Fuller. (ddm) (Entered: 04/27/2023) |
| 04/28/2023 | 6 | | DOCUMENT STRICKEN PER 9 R&R −− AMENDED COMPLAINT against Gwinnett County Jail, Gwinnett County Sheriff Department, Keybo Taylor filed by Irvin Lamar Simpson.(ddm) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. Modified on 11/2/2023 (ddm). (Entered: 05/01/2023) |
| 04/28/2023 | 7 | | Affidavit and Authorization for withdrawal from Inmate Account by Irvin Lamar Simpson. (ddm) (Entered: 05/01/2023) |
| 05/01/2023 | | | Submission of 7 Affidavit and Authorization for withdrawal from Inmate Account, to Magistrate Judge J. Clay Fuller. (ddm) (Entered: 05/01/2023) |
| 10/30/2023 | 9 | | ORDER and FINAL REPORT AND RECOMMENDATION GRANTING, for the purpose of dismissal only, 7 Plaintiff's Application to Proceed In Forma Pauperis and RECOMMENDING that this action be DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. Signed by Magistrate Judge J. Clay Fuller on 10/30/2023. (ddm) (Entered: 10/30/2023) |
| 10/30/2023 | 10 | | ORDER for Service of 9 Order and Final Report and Recommendation by Magistrate Judge J. Clay Fuller. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge J. Clay Fuller on 10/30/2023. (ddm) (Entered: 10/30/2023) |
| 10/30/2023 | | | Clerk's Certificate of Mailing as to Irvin Lamar Simpson re 10 Order for Service of Report and Recommendation, 9 Order and Final Report and Recommendation. (ddm) (Entered: 10/30/2023) |
| 11/15/2023 | 11 | | OBJECTIONS to 9 Report and Recommendation filed by Irvin Lamar Simpson. (ddm) (Entered: 11/15/2023) |
| 11/17/2023 | | | Submission of 9 FINAL REPORT AND RECOMMENDATION re 8 Amended Complaint, filed by Irvin Lamar Simpson, 11 Objections to Report and Recommendation, to District Judge Steve C. Jones. (pdw) (Entered: 11/17/2023) |
| 11/20/2023 | 12 | | OBJECTIONS to 9 Report and Recommendation filed by Irvin Lamar Simpson. (ddm) (Entered: 11/20/2023) |
| 12/05/2023 | 13 | | ORDER ADOPTING IN PART the 9 Final Report and Recommendation as the order of the Court. It is thus ORDERED that (1) Defendants the Habersham County Sheriff's Department and Habersham County Jail are DISMISSED because they are not proper defendants under § 1983, and (2) Plaintiff's conditions of confinement claims (as identified in the R&R) and his claim that Deputy Sgt. Chris placed him in excessively−tight handcuffs are DISMISSED pursuant to 28 U.S.C. § 1915A for Plaintiffs failure to state a claim. However, Plaintiff's false arrest claim is STAYED until such time that he can establish an |

| | | | |
|---|---|---|---|
| | | | entitlement to relief as discussed in Heck. Should the charges against Plaintiff be dismissed, if he is acquitted, or if the charges against him are declared invalid, he should file a motion to reopen this action. In the meantime, the Clerk is DIRECTED to ADMINISTRATIVELY CLOSE this action. Signed by Judge Steve C. Jones on 12/05/2023. (ddm) (Entered: 12/05/2023) |
| 12/05/2023 | | | Clerk's Certificate of Mailing as to Irvin Lamar Simpson re 13 Order. (ddm) (Entered: 12/05/2023) |
| 12/05/2023 | | | Civil Case Terminated. (ddm) (Entered: 12/05/2023) |
| 12/15/2023 | 14 | | NOTICE OF APPEAL as to 13 Order filed by Irvin Lamar Simpson. (Attachments: # 1 USCA Appeal Fee Letter)(ddm) (Entered: 12/15/2023) |
| 12/15/2023 | | | Clerk's Certificate of Mailing as to Irvin Lamar Simpson re 14 USCA Appeal Fee Letter, IFP Form. (ddm) (Entered: 12/15/2023) |
| 12/15/2023 | 15 | | USCA Appeal Transmission Letter to USCA for the Eleventh Circuit re: 14 Notice of Appeal filed by Irvin Lamar Simpson. (ddm) (Entered: 12/15/2023) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IRVIN LAMAR SIMPSON,<br>Gwinnett Cty. No. 230015130721,<br>Plaintiff,<br><br>v.<br><br>SHERIFF JOEY TERRELL, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br><br><br>CIVIL ACTION NO.<br>2:23-CV-0064-SCJ-JCF |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Irvin Lamar Simpson, an inmate at the Gwinnett County Detention Center in Lawrenceville, Georgia, has filed a *pro se* amended 42 U.S.C. § 1983 civil rights complaint concerning his prior confinement at the Habersham County Jail in Clarkesville, Georgia. (Doc. 8.)[1] The matter is before the Court for initial screening of the amended complaint.

---

[1] The amended complaint filed at CM/ECF [6] concerns Plaintiff's Gwinnett County allegations in Simpson v. Gwinnett Cty. Jail, et al., No. 1:23-cv-1257-CAP (N.D. Ga. filed Mar. 23, 2023) and was mis-filed in this action. Pursuant to Order [6], No. 1:23-cv-1257-CAP, the mis-filed amended complaint was moved to Case No. 1:23-cv-1257 but was not removed from the docket in this action. The Court now directs the Clerk to **STRIKE** the mis-filed Gwinnett County amended complaint [6] from the docket in this case to avoid further confusion.

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

"A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014) (per curiam). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Gissendaner v. Comm'r, Ga. Dep't of

Corr., 803 F.3d 565, 578 (11th Cir. 2015); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. See 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

In his amended complaint, Plaintiff names as Defendants (1) Habersham County Sheriff Joey Terrell, (2) the Habersham County Sheriff's Department, and (3) the Habersham County Jail. (Doc. 8 at 1, 3.) Plaintiff alleges that he was confined at the Habersham County Jail from July 20, 2022, to December 15, 2022. (Id. at 4.) Plaintiff states that there was black mold in the showers and that he was forced to

Case 2:23-cv-00064-SCJ Document 10 Filed 08/01/23 Page 4 of 14

sleep on dirty floors, causing him to suffer an eye infection. (Id.) Plaintiff further states that he developed a stomach infection from the black mold, which caused internal bleeding and blood in his stool. (Id. at 4-5.) Plaintiff asserts that Sheriff Terrell "knew" of the conditions in the jail. (Id. at 5.) Plaintiff also complains about the circumstances of his underlying arrest by "Deputy Sgt. Chris," including that he was pulled over and his vehicle searched for over an hour without probable cause, that he was handcuffed so tightly that his hand was numb for four months, and that his vehicle was repossessed and he lost his job as a result of his arrest. (Id. at 5.) Plaintiff seeks compensatory damages as relief. (Id.)

As an initial matter, the Habersham County Sheriff's Department and Habersham County Jail are not "persons" within the meaning of § 1983 and are not proper defendants in a civil rights action. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a *person* acting under color of state law.") (emphasis added); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); Nelson v. Lexington Cty. Det. Ctr., No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D. S.C. May 26, 2011) (finding

detention center is a building and not a person amendable to suit under § 1983); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the defendant jail under § 1983 because it is a building, not an entity).

Additionally, Plaintiff's claims concerning the conditions of confinement at the Habersham County Jail and the circumstances of his arrest and handcuffing by "Deputy Sgt. Chris" implicate different defendants and arise out of separate transactions. A plaintiff may not use a single complaint to join unrelated claims that do not both (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" and (b) involve a "question of law or fact common to all defendants." See Fed. R. Civ. P. 20(a)(2)(A)-(B). Plaintiff's unrelated claims must be brought in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (stating that "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected" under Rule 20). In any event, none of Plaintiff's allegations state a viable claim for relief.

With respect to Plaintiff's allegations of mold and "dirty floors" at the Habersham County Jail, conditions of confinement for pre-trial detainees are analyzed under the Fourteenth Amendment Due Process Clause instead of the Eighth

Amendment's Cruel and Unusual Punishments Clause. See Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1318 (11th Cir. 2005). While "the due process clause forbids punishment of a person awaiting trial but not yet adjudged guilty of any crime," Hamm v. DeKalb Cty., 774 F.2d 1567, 1572 (11th Cir. 1985) (citation omitted), "the fact that [pretrial] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting Bell v. Wolfish, 441 U.S. 520, 537 (1978)). To state a constitutional jail-conditions claim, the plaintiff must allege: (1) jail conditions that are "sufficiently serious" and (2) that the defendant jail official knew of and disregarded an excessive risk to plaintiff's health or safety. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "The standard for providing basic human needs to those incarcerated in detention is the same under both the Eighth and Fourteenth Amendments." Purcell, 400 F.3d at 1318.

Here, the conditions alleged by Plaintiff are not sufficiently "extreme" to rise to the level of a constitutional violation. See, e.g., Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (holding jail cell consisting of a steel bed with no mattress

for eighteen days and occasionally overflowing toilet were "not so extreme as to violate contemporary standards of decency"); Harris v. Fleming, 839 F.2d 1232, 1234-35 (7th Cir. 1998) (holding that inmate's confinement for twenty-eight days "in a filthy, roach-infested cell" without toilet paper, soap, toothpaste, or a toothbrush for some of that time was not unconstitutional). Indeed, courts repeatedly have found that the presence of mold in jail facilities does not violate the Constitution. See, e.g., Ruffin v. Larpenter, 19-CV-10378, 2019 WL 2526739, at *2 (E.D. La. May 28, 2019) (allegations of black mold on air vents and shower walls and drains "fail to cross the impermissible line that separates the unpleasant from the unconstitutional"), R&R adopted, 2019 WL 2524582 (E.D. La. June 19, 2019); Marine v. Kelly, No. 3:18cv2172/RV/EMT, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019) ("The conditions of which Plaintiff complains—the presence of black mold in the shower, dayroom, and cell—are not sufficiently serious or extreme to run afoul of the Eighth Amendment."); Compton v. McDuffie Cty. Det. Ctr., No. CV 113-105, 2014 WL 640492, at *1 n.2 (S.D. Ga. Feb. 8, 2014) (noting that although the plaintiff mentions that the showers have mold, his complaints do not amount to a deprivation of the minimal civilized measure of life's necessities and thus were not the sort of deprivation required to state a valid conditions of confinement claim); Barnett v.

Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), R&R adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Jordan v. Franks, No. CV410-164, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) ("It is well established that the mere exposure to mold, mildew, and odors does not amount to an 'excessive risk to inmate health or safety' under the Eighth Amendment[.]"); McIntyre v. Phillips, No. CIV.A. 1:07-cv-527, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) ("[S]ome exposure to black mold is a risk that society has chosen to tolerate.").

Plaintiff has not presented "any basis for his belief that the mold is a harmful type of mold," see Reynolds v. Herrington, 4:13CV-P132-M, 2014 WL 1330190, at *5 (W.D. Ky. Apr. 1, 2014), or for his unsupported assertions that mold has caused him to suffer a stomach infection with bleeding ulcers. Rather, mold is known to cause or exacerbate respiratory ailments. See Meadows v. Fulton Cty. Jail, No. 1:08-CV-0744-TWT, 2008 WL 818055, at *2, n.1 (N.D. Ga. Mar. 25, 2008) (noting that "persons sensitive to molds may experience things such as nasal stuffiness or throat irritation, persons with mold allergies may experience more severe reactions, and persons who are immune-compromised or have chronic lung illnesses could

experience a serious lung infection"). Plaintiff's bare assertion that mold exposure caused a stomach infection and bleeding ulcers verges on the "irrational or the wholly incredible." See Denton, 504 U.S. at 32-33. Plaintiff cannot satisfy the pleading standard by presenting "legal conclusions masquerading as facts[.]" Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003); see also Iqbal, 556 U.S. at 678 (2009) ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

Ultimately, to prevail on a conditions of confinement claim related to mold, a plaintiff must present competent evidence, including medical records, establishing (1) an actual injury that is sufficiently serious to implicate the Eighth Amendment, and (2) that the mold caused his injury. See, e.g., Sawyer v. Cole, No. 3:10-cv-00088-RCJ-WGC, 2012 WL 6210039, at *3 (D. Nev. Dec. 12, 2012) (granting summary judgment to defendants where inmate "provide[d] no evidence of his alleged medical ailments or evidence that any ailments were linked to mold or fungus, . . . [his] medical records d[id] not indicate any such ailments[,]" and "the inspection reports [did not] indicate mold or fungus problems"); Glover v. Haynes, No. CV 211-114, 2012 WL 1202170, at *2 (S.D. Ga. Apr. 10, 2012) (granting summary judgment

to defendant where plaintiff presented no evidence to show that his medical problems were actually caused by the mold in his cell); Jordan v. Franks, No. CV 410-164, 2010 WL 4007641, at *2 (Aug. 30, 2010) ("Absent some showing that [the] mold [in plaintiff's cell] is indeed toxic and that he is exposed to sufficient quantities such that continued exposure may lead to serious future harm, his future health claim fails."), R&R adopted, 2010 WL 4007637, at *1 (S.D. Ga. Oct. 12, 2010).

In any event, Plaintiff has not pled facts supporting that Sheriff Terrell, the only proper defendant named in the amended complaint, was deliberately indifferent to any serious risk of harm posed by conditions of confinement at the Habersham County Jail. See Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (explaining that, to constitute deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*") (emphasis added); Swain v. Junior, 961 F.3d 1276, 1287-88 (11th Cir. 2020) ("[D]eliberate indifference is not a constitutionalized version of common-law negligence," and the standard therefor "is far more onerous" than that of negligence). In order to demonstrate that a prison official acted with a sufficiently

culpable state of mind, "the plaintiff must show 'subjective recklessness as used in the criminal law.'" Swain, 961 F.3d at 1285-86 (quoting Farmer, 511 U.S. at 840).

Plaintiff's single, conclusory allegation that Sheriff Terrell "knew about the treatment of prisoners" because he was present at the jail does not show that Sheriff Terrell was subjectively aware of and disregarded any known risk of excessive harm. Cf. Farmer, 511 U.S. at 837; Swain, 961 F.3d at 1285-86. Plaintiff does not allege that he ever actually spoke to Sheriff Terrell about jail conditions or that Sheriff Terrell was aware of any of Plaintiff's ailments. Similarly, the denial of Plaintiff's grievances by "Lt. Chastain" (see doc. 8 at 2-3) does not constitute deliberate indifference. See, e.g., Patrick v. Schroeder, No. 2:23-cv-26, 2023 WL 2522057, at *5 (W.D. Mich. Mar. 15, 2023) ("With respect to the subjective prong, Plaintiff alleges that he submitted grievances regarding the presence of black mold, but that Defendants denied his grievances and the condition continues to exist. Plaintiff's conclusory allegations do not rise to the level of the deliberate indifference required to state an Eighth Amendment claim."); Murphy v. Mehr, No. 20-1237-JDT-CGC, 2020 WL 6205854, at *4 (W.D. Tenn. Oct. 22, 2020) (finding plaintiff failed to sufficiently allege subjective component of deliberate indifference in connection with black mold because, *inter alia*, "[f]ailure to act in response to a grievance generally

does not amount to the type of personal involvement that supports [§1983] liability"). Plaintiff fails to state a viable conditions-of-confinement claim.

With regard to Plaintiff's allegations that he was arrested without probable cause, a § 1983 claim for false arrest would clearly be connected to the validity of his present pretrial confinement, and, therefore, is subject to dismissal as premature under Heck v. Humphrey, 512 U.S. 477 (1994). See Heck, 512 U.S. at 486-87 (holding that, in order to recover damages from an unlawful imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"); see also Williams v. South Carolina, No. 0:06-2590-CMC-BM, 2006 WL 3843608, at *3 (D.S.C. Dec. 22, 2006) ("Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees[.] . . ."). Because Plaintiff has not alleged, much less proven, favorable termination of his Habersham County criminal proceedings, his § 1983 false arrest claim is barred by Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that the Supreme Court's relevant precedent, "taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

Finally, with respect to Plaintiff's allegation that "Deputy Sgt. Chris" placed him in excessively tight handcuffs, "Deputy Sgt. Chris" is not a named defendant in this action. Moreover, "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002); see also, e.g., Gold v. City of Miami, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding that use of tight handcuffs that caused pain and skin abrasions constituted minimal force for which the plaintiff could not recover under § 1983); Bryans v. Cossette, No. 3:11-CV-1263 (JCH), 2013 WL 4737310, at *10 (D. Conn. Sept. 3, 2013) (holding numbness in plaintiff's wrists from very tight handcuffs which led to bleeding and abrasions did not constitute a serious medical need). Plaintiff allegations of tight handcuffing fail to state a claim.

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim.

Case 2:23-cv-00064-SCJ Document 16 Filed 10/30/23 Page 14 of 14

Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [7] is **GRANTED** for the purpose of dismissal only.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 30th day of October, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

Case 2:23-cv-00064-SCJ Document 10 Filed 12/13/23 Page 1 of 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IRVIN LAMAR SIMPSON,<br>Gwinnett Cty. No. 230015130721,<br>Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| SHERIFF JOEY TERRELL, et al.,<br>Defendants. | : | CIVIL ACTION NO.<br>2:23-CV-0064-SCJ-JCF |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and this Court's Local Rule 72, has been filed. The Clerk is **DIRECTED** to serve a copy of the Report and Recommendation, together with a copy of this Order, upon counsel for the parties and upon any unrepresented parties.

Within 14 days of service of this Order, a party may file written objections, if any, to the Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be

Case 2:23-cv-00064-SCJ Document 6 Filed 10/30/23 Page 2 of 2

served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection. 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 30th day of October, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**IRVIN LAMAR SIMPSON,**

**Plaintiff,**

**v.**

**SHERIFF JOEY TERRELL, et al.,**

**Defendants.**

**CIVIL ACTION FILE**

**No. 2:23-CV-0064-SCJ**

**ORDER**

This matter is before the Court for consideration of the Magistrate Judge's Order and Final Report and Recommendation (R&R), Doc. No. [9], in which the Magistrate Judge recommends that this matter be dismissed as frivolous pursuant to 28 U.S.C. § 1915A. Plaintiff Irvin Lamar Simpson has filed two sets of objections to the R&R. Docs. No. [11, 12].

## I. BACKGROUND

Plaintiff, an inmate at the Gwinnett Detention Center in Lawrenceville, Georgia, filed the instant 42 U.S.C. § 1983 civil rights action complaining about his arrest in Habersham County and the conditions of his detention at the

Habersham County Jail. The Magistrate Judge determined that some of the named Defendant are not persons subject to suit under § 1983, that Plaintiff's claims are misjoined under Fed. R. Civ. P. 20(a), and that Plaintiff's conditions-of-confinement claims fail to allege the sufficiently serious conditions that are necessary to state a claim under § 1983. Additionally, the Magistrate Judge determined that Plaintiff's false arrest claim that law enforcement officers lacked probable cause to detain him is premature and subject to dismissal without prejudice under the doctrine announced in Heck v. Humphrey, 512 U.S. 477 (1994) (holding that, in order to recover damages from an unlawful imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus"), because Plaintiff has not shown that his confinement was invalidated.

## II. LEGAL STANDARD

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court

reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. DISCUSSION

In his first objections, Doc. No. [11], Plaintiff merely repeats the allegations of his claim that law enforcement officers lacked probable cause to arrest him, which fails to raise a proper objection. In his second objections, Doc. No. [12], Plaintiff reiterates some of his claims regarding the conditions of his confinement and insists that he has stated viable claims that his constitutional rights have been violated. This Court has reviewed those objections in relation to the R&R and concludes that Plaintiff has not shown that the Magistrate Judge erred. While a prisoner plaintiff need not present medical records to establish his claims at the frivolity stage as the Magistrate Judge may have seemed to imply, this Court agrees with the Magistrate Judge that Plaintiff's rather fantastic claim that he developed stomach ailments from limited exposure to mold in the shower fails.

Jordan v. Franks, No. CV410-164, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) ("It is well established that the mere exposure to mold, mildew, and odors does not amount to an excessive risk to inmate health or safety under the Eighth Amendment.") (citations quotations omitted). Similarly, Plaintiff's contention that he was required to sleep on the floor does not state the type of "extreme deprivation[]" required to allege an Eighth Amendment violation. Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (prison condition claim must allege "extreme conditions [that] created an unreasonable risk—one that society chooses not to tolerate—of serious damage to the detainee's future health or safety.") (quotations, alterations, and citations omitted).

Having reviewed the record, this Court agrees with the Magistrate Judge that the inappropriate Defendants and Plaintiff's conditions of confinement claims must be dismissed. However, Plaintiff's false arrest claim should not be dismissed. While the Heck doctrine does apply to the false arrest claim, that claim accrues at the time of arrest, and dismissing such a claim, even without prejudice, could result in Plaintiff being unable to bring the claim because of the running of the statute of limitations. Accordingly, where a plaintiff seeks monetary damages for a false arrest claim prior to being convicted, it is typically

appropriate to stay the claim rather than dismiss it outright. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (stating that "the District Court has no discretion to dismiss rather than stay claims for monetary relief that cannot be redressed in the state proceeding"); Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (holding that abstention until state court proceedings are completed is the proper disposition of the plaintiff's §1983 action seeking monetary relief for Fourth Amendment violations).

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, Doc. No. [9], **IN PART** as the order of the Court. It is thus **ORDERED** that (1) Defendants the Habersham County Sheriff's Department and Habersham County Jail are **DISMISSED** because they are not proper defendants under § 1983, and (2) Plaintiff's conditions of confinement claims (as identified in the R&R) and his

Case 2:23-cv-00064-SCJ Document 16-3 Filed 12/15/23 Page 27 of 32

claim that Deputy Sgt. Chris placed him in excessively-tight handcuffs are **DISMISSED** pursuant to 28 U.S.C. § 1915A for Plaintiff's failure to state a claim. However, Plaintiff's false arrest claim is **STAYED** until such time that he can establish an entitlement to relief as discussed in *Heck*. Should the charges against Plaintiff be dismissed, if he is acquitted, or if the charges against him are declared invalid, he should file a motion to reopen this action. In the meantime, the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action.

**IT IS SO ORDERED** this 5th day of December, 2023.

Steve C. Jones

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

CASE NUMBER 2:23-cv-00064-SCJ

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

2:23-CV-00064-SCJ

IRVIN LAMAR SIMPSON

Plaintiff,

SHERIFF JOEY TERRELL, et al.,

Defendants.

Notice of Appeal

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville
DEC 15 2023
KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

Notice is hereby given that plaintiff Irvin Lamar Simpson Defendants Joey Terrell, et al Habersham County Jail Sgt. Rhei's Hall, Habersham county Sheriff's Department. Plaintiff in the above named case hereby Appeal to the United States Court of Appeals for the 11th Circuit (from the final Judgement from an order filed 12/5/2023 ORDER ADOPTING IN PART entered in This Action on the 12th day of December, 2023.

Date 12/12/23

[signature]

ATTEST: A TRUE COPY
CERTIFIED THIS
Date: Dec 15 2023
KEVIN P. WEIMER, Clerk
By: s/ D. McGoldrick
Deputy Clerk

Plaintiff Irvin Lamar Simpson
#230015130721
Gwinnett Detention Center
2900 University Pkwy
Lawrenceville, GA
30043

Irvin Lamar Simpson
#230015130721
Gwinnett Detention Center
2900 University Pkwy
Lawrenceville, GA 30043

ATLANTA METRO 301
13 DEC 2023 PM 13 L




CLEARED SECURITY
DEC 15 2023
U.S. MARSHALS SERVICE
Gainesville, GA

Office of the Clerk
United States District Court
201 United States Courthouse
121 Spring street, S.E.
Gainesville, Georgia 30501-3789

30501-378845

GWINNETT COUNTY
JAIL
UNIT 1S

FSC MIX Envelope FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**201 UNITED STATES COURTHOUSE**
**121 SPRING STREET, SE**
**GAINESVILLE, GEORGIA 30501-3789**
**www.gand.uscourts.gov**

**KEVIN P. WEIMER**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**

**DOCKETING SECTION**
**678-450-2760**

December 15, 2023

**Irvin Lamar Simpson**
# 230015130721
Gwinnett Detention Center
2900 University Pkwy
Lawrenceville, GA 30043

**Re:** ***Simpson v. Habersham County Sheriff Department, et al.,***
**Civil Action No.: 2:23-CV-0064-SCJ**

Dear Mr. Simpson:

On December 15, 2023, we received and filed your Notice of Appeal for the above case. Please be advised that we did not receive the following:

__X__ Appeal fee $605.00

__X__ Application to proceed on appeal in forma pauperis.

__X__ Please complete the attached appeal information sheet as directed.

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By: s/ D. McGoldrick
Deputy Clerk

cc: USCA

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
201 UNITED STATES COURTHOUSE
121 SPRING STREET, SE
GAINESVILLE, GEORGIA 30501-3789

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
678-450-2760

December 15, 2023

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**U.S.D.C. No.: 2:23-CV-0064-SCJ**
**U.S.C.A. No.: 00-00000-00**
**In re: Simpson v Habersham County Sherrif Department, et al.,**

Enclosed are documents regarding an appeal in this matter. Please acknowledge receipt on the enclosed copy of this letter.

__X__ Certified copies of the Notice of Appeal, Docket Sheet, and Orders appealed enclosed.

_____ This is not the first notice of appeal. Other notices were filed on: .

__X__ There is no transcript.

_____ The court reporter is .

_____ There is sealed material as described below: .

__X__ Other: Appeal Fee NOT paid. IFP form sent.

_____ Fee paid electronically on .

_____ Appellant has been leave to file *in forma pauperis*.

_____ This is a bankruptcy appeal. The Bankruptcy Judge is .

__X__ The Magistrate Judge is J. Clay Fuller.

__X__ The District Judge is Steve C. Jones.

_____ This is a DEATH PENALTY appeal.

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By: D. McGoldrick
Deputy Clerk

Enclosures